IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL A. VALENTINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 –CV-1432-JMS-MJD |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION IN LIMINE NO. 3 TO BAR
REFERENCE TO PRE-INJURY WORK LIFE EXPECTANCY**

NOW COMES the Plaintiff, MICHAEL **A.** VALENTINE, by and through his attorneys, CRAIG W. CHURCH and HOEY & FARINA, and hereby moves this Honorable Court *in limine* to bar any evidence, testimony, interrogation, argument or reference of any kind at the trial of this matter to Plaintiffs pre-injury work life expectancy. In support thereof Plaintiff states as follows:

Rule 26(a)(2)(B)(i) requires an expert to provide a report which must contain "**a complete statement of all opinions the witness will express and the basis and reasons for them.**" As to non-retained witnesses, from whom a report is not required, Rule 26(a)(2)(C) requires disclosure of the subject matter on which the witness is expected present opinion evidence, and summary of the facts and opinions to which the witness is expected to testify. Defendant in this matter has not disclosed any expert witness who is prepared to testify as to the Plaintiffs pre-injury work life expectancy. Plus, Defendant has not identified any witnesses of any kind who are prepared to offer such testimony.

Nevertheless, the Plaintiff has reason to believe the Defendant intends to raise the issue of Plaintiffs pre-injury work life expectancy, arguing that somehow because of pre-existing

conditions Plaintiffs work life expectancy was decreased. However, without any expert testimony which has addressed Plaintiffs pre-injury work life expectancy, it would be nothing more than an invitation for the jury to grossly speculate, without any expert foundation, as to what that work life expectancy would have been.

While it is true that Defendant has disclosed retained expert medical testimony concerning Plaintiffs prior right knee medical conditions and causation, no expert opinion was disclosed concerning reduced pre-injury work life capacity. Defendant's retained medical expert, Dr. Neil H. Levine has not provided a report opining that because of his pre-existing medical right knee condition, prior to the date of occurrence, Mr. Valentine would not have been able to work to age 60, or any other age, and set forth a basis for such an opinion. Since the Defendant has failed to offer any medical, vocational or economic expert to testify that Plaintiffs work life expectancy prior to his injury in this case would have been reduced, it is not entitled to raise the issue at trial.

Under FRCP 37, "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FRCP 37(c)(1). Moreover, "exclusion of evidence is a standard sanction for a violation of the duty of disclosure under Rule 26(a)." *Laplace-Aayardv. Batlle,* 295 F.3d 157, 162 (C.A.l, 2002).

When a litigant fails to disclose evidence that should have been revealed under FRCP 26, "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Salgado v. Gen. Motors Corp.,* 150 F.3d *735,* 742 (7th Cir. 1998). When exercising its discretion to impose sanctions under rule

37(c), the District Court considers: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence an earlier date." *David v. Caterpillar, Inc.,* 324 F.3d *851, 857* (C.A.7, 2003).

CSXT was obligated to disclose any expert testimony concerning pre-injury work- life expectancy, and to provide the basis and reasons for such an opinion. Michael Valentine would be severely prejudiced if Defendant is permitted to offer evidence on this issue. There would be no way of curing the severe prejudice to Mr. Valentine if CSXT is permitted to present evidence on this issue, and CSXT should be barred from presenting any evidence about pre-injury work-life expectancy.

WHEREFORE, Plaintiff, MICHAEL A. VALENTINE, prays that this Honorable Court bar any evidence, testimony, interrogation, argument or reference of any kind at the trial of this matter as to any reduced work life expectancy prior to March 2, 2009.

        Respectfully submitted,

        MICHAEL A. VALENTINE, Plaintiff

By:   /s/Craig W. Church_____
       CRAIG W. CHURCH
       HOEY & FARINA
       542 S. Dearborn St., Suite 200
       Chicago, IL 60605
       (312) 939-1212
       Fax No. (312) 939-7842
       E-Mail: cchurch@hoeyfarina.com
       ATTORNEY FOR PLAINTIFF