UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL A. VALENTINE,<br>    *Plaintiff*, | )<br>)<br>) | |
| *vs*. | )<br>) | 1:09-cv-1432-JMS-MJD |
| CSX TRANSPORTATION, INC.,<br>    *Defendant*. | )<br>)<br>)<br>) | |

### ENTRY ON MOTIONS IN LIMINE

The parties have filed a number of motions in limine in advance of trial on this workplace-injury action, brought under the Federal Employer's Liability Act ("FELA"), 45 U.S.C. 51 *et seq*. The Court will address each in turn.

The Court should defer evidentiary rulings until trial "so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context," unless the party moving to exclude evidence in *limine* establishes that the evidence is inadmissible for any purpose. *Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Given the evidentiary vacuum in which denials of motions in limine are made, such a denial is not final; it is subject to reconsideration "as events at trial unfold." *Moore v. General Motors Corp., Delco Remy Div.*, 684 F. Supp. 220, 220 (S.D. Ind. 1988). Accordingly, none of these rulings precludes counsel from objecting to offers of evidence at the time of trial or from offering excluded evidence outside the presence of the jury as part of an offer of proof.

    A) **Plaintiff's Motions in Limine**

        1. **Motion in Limine Number 1**

Plaintiff asks the Court to bar Defendant from using Railroad Work-Life Tables authored by Gary R. Skoog and James E. Ciecka ("Skoog tables") to show that Plaintiff's future lost earning capacity is limited to age 60. [Dkt. 92.] Plaintiff argues that these tables are "scientifically unsound" and irrelevant: They "do not rely upon data assembled as a means of estimating loss, but rely upon the average retirement age of railroad workers," none of whom are proper comparators in this case. [*Id.* at 2-3.] Railroad Work-Life Tables, however, are routinely used in FELA litigation—Plaintiff's own expert, Dr. Green, not only relies on several such tables to estimate Plaintiff's future earning potential, [dkt. 137-2 at 4-6], but also establishes the authority of the Skoog tables themselves. [Dkt. 137-3 at 2-3, 5.]

Plaintiff also attempts to show that the Skoog tables are irrelevant because they account merely for earning expectations, not lost earning capacity. [Dkt. 92 at 2.] But the distinction between earning "expectations" and earning "capacity" is inconsequential here given that, regardless of terminology, the jury must determine how long into the future Plaintiff would likely have worked but for his injury. 7th Cir. Jury Inst. 9.04 (Plaintiff may seek "the [wages, salary, fringe benefits, profits, earning capacity] that Plaintiff has lost [and the present value of the [wages, salary, fringe benefits, profits, earning capacity] that Plaintiff is reasonably certain to lose in the future] because of his [inability/diminished ability] to work.").

The work-life tables, including the Skoog tables as well as those upon which Plaintiff's expert relies, are directly relevant, as they provide this very insight. The propriety of each table is a question of weight, not admissibility, and is an appropriate area for cross examination of Dr. Green. *See Thakore v. Universal Machine Co. of Pottstown, Inc.*, 670 F. Supp. 2d 705 (N.D. Ill 2009). The Court therefore **DENIES** Plaintiff's Motion in Limine Number 1. [Dkt. 92.]

### 2. Motion in Limine Number 2

Plaintiff asks the Court to bar evidence of collateral source benefits based on his claim that "it is black letter law that evidence of [such] benefits is inadmissible in a personal injury trial." [Dkt. 93 at 1 (*citing Eichel v. New York Central R.R.*, 375 U.S. 253 (1963)).]

Although the Court recognizes that evidence of collateral source benefits is generally inadmissible in FELA litigation under Rule 403, *Eichel,* 375 U.S. at 260, the present record does not establish that the probative value of Plaintiff's collateral source benefits is substantially outweighed by the danger of unfair prejudice. *See Ferren v. Nat'l R.R. Passenger Corp.*, 2001 WL 1607586, at *2 (N.D. Ill. 2001) ("[C]ourts generally have considered the exclusion of collateral source income not to be an absolute rule, but instead a determination that will turn on the particular facts of each case."). In this case, Defendant argues, and Plaintiff does not dispute, that Plaintiff receives more money from disability payments than he does from work—indeed, "one of CSX's defenses at trial will be that Valentine is feigning permanent physical disability to avoid work and to continue receiving disability payments." [Dkt. 138 at 6.]

Depending on how events unfold at trial, evidence of collateral source benefits may be relevant to whether Plaintiff has a motive for not returning to work and to cast doubt on the permanency of Plaintiff's injuries. It may also be appropriate to rebut expected testimony that Plaintiff's medical costs have caused him to suffer financial hardship. *See, e.g., Brandt v. Vulcan Inc.*, 30 F.3d 752, 760 (7th Cir. 1994). The Court therefore **DENIES** Plaintiff's Motion in Limine Number 2, but Plaintiff may tender a limiting instruction regarding the extent to which the jury may consider such benefits based on any properly raised objections at trial. [Dkt. 93.]

### 3. Motion in Limine Number 3

Plaintiff next requests that the Court bar any evidence regarding his pre-injury work life expectancy because Defendant did not properly disclose any expert witnesses who could testify to this matter in his initial disclosures. [Dkt. 94 at 1.] Rule 26(a)(2)(C) requires disclosure of the subject matter on which the witness is expected present opinion evidence, and summary of the facts and opinions to which the witness is expected to testify. Although Defendant is barred under Rule 37 from offering opinion evidence not properly disclosed under Rule 26, the Court is not certain at this juncture from whom Defendant seeks to elicit the opinion testimony Plaintiff anticipates. The Court therefore **GRANTS** this motion. [Dkt. 94.] However, as noted above, Defendant is not barred from cross-examining Plaintiff's expert concerning the Skoog tables.

### 4. Motion in Limine Number 4

In Motion in Limine Number 4, Plaintiff asks the Court to "bar evidence of prior or pending disciplinary proceedings[;] that Plaintiff 'faked' his injury because of a pending disciplinary proceeding[;] or that Plaintiff's lost earnings should be reduced because he would have eventually been terminated." [Dkt. 95.] He does so on the grounds that such evidence is irrelevant and unfairly prejudicial. [*Id.* at 5.]

In support of his position, Plaintiff cites a multitude of cases standing for the proposition that a FELA action is not barred simply because a plaintiff's injury was caused by conduct that may have been subject to disciplinary proceedings—in such cases, where disciplinary proceedings are irrelevant to the injury, evidence of those proceedings are inadmissible under Rule 403. [*Id.* at 3-5 (collecting cases).] Plaintiff fails to show, however, that evidence of

4

disciplinary proceedings is inadmissible where the probative value of such evidence is not outweighed by the substantial risk of unfair prejudice.

In this case, Defendant intends to show that Plaintiff's alleged injury is "nothing more than a plan to avoid his March 5, 2009 [disciplinary] investigation," so that Plaintiff can instead be deemed disabled by Dr. Burkle and thereby postpone the investigation inevitably. [Dkt. 140 at 2.] According to Defendant, Plaintiff "has learned how to be quite successful at earning a decent living being off work," and this is reflected in part by his disciplinary history, which includes a "120 day unpaid suspension [that he converted] into a paid disability leave of absence." [*Id.*]

Evidence of Plaintiff's prior disciplinary proceedings is directly relevant to Defendant's theory of defense that Plaintiff has a motive to feign his injury. At this juncture, the Court does not determine as a matter of law that the probative value of this evidence is substantially outweighed by risk of *unfair* prejudice under Rule 403. The Court thus **DENIES** Plaintiff's Motion in Limine Number 4, [dkt. 95], but reminds Defendant that it must lay the appropriate foundation for all evidence it seeks to present at trial. That said, and as Defendant agrees is proper, the Court bars Defendant from arguing or introducing evidence of past disciplinary proceedings to show that the lost earning figure should be reduced because Plaintiff would have eventually been terminated because of disciplinary proceedings.

### 5. Motion in Limine Number 5

Plaintiff contends in this motion that the August 25, 2010 video and photos of the lighting at the scene of the accident should be barred because they are irrelevant and suffer from many infirmities that make it inadmissible under Rule 403—including the fact that the "reenactment" was conducted at a different time of day, under different weather conditions, different moon

positions, different atmospheric conditions, and different lighting conditions, approximately 17 months after the alleged occurrence. [Dkt. 96 at 1-2, 5.]

Although a reenactment must be performed under conditions "substantially similar" to those surrounding the simulated event to be admissible, *United States v. Jackson*, 479 F.3d 485, 489 (7th Cir. 2007), the substantial similarity requirement is weakened where such evidence is not actually being offered as a reenactment. *Id.* ("Where the purpose of the experiment is not to recreate events but simply to rebut or falsify the opposing party's sweeping hypothesis, the substantial similarity requirement is relaxed.") To the extent that this evidence is offered to rebut Plaintiff's hypothesis concerning the lighting, [*see* dkt. 141 at 4], the similarities and dissimilarities between the photos and video and Plaintiff's testimony are appropriate topics to explore during Mr. Locke's cross-examination.

In any event, Plaintiff has not demonstrated why the photos and video are inadmissible as probative evidence of the layout of the yard or of the location of the various light sources in the yard. Plaintiff has thus not met its burden of showing that the evidence he seeks to exclude is inadmissible on all grounds. *See Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). The evidence is directly relevant, and at least provides background information concerning the conditions at the location of the alleged fall. Having reviewed the photos and video, the Court does not find that they violate Rule 403. The Court therefore **DENIES** Plaintiff's Motion in Limine Number 5, [dkt. 96], assuming Defendant authenticates this evidence at trial.

### 6. Motion in Limine Number 6

Plaintiff argues that any references to medical conditions and injuries unrelated to his right knee should be barred because they are irrelevant. Further, to the extent that the evidence is

relevant, he argues that any probative value is substantially outweighed by the danger of unfair prejudice or confusion. [Dkt. 97.]

Evidence of Plaintiff's unrelated medical conditions and injuries are directly relevant to the extent to which the accident caused his current injuries and, therefore, the extent to which this accident impacts his earning potential. Furthermore, Plaintiff put body parts other than his right knee at issue in his Complaint. [*See* dkt. 1 at 2 ("As a result of Plaintiff tripping on the unlevel condition of a walkway, Plaintiff suffered severe injury to his right knee, shoulder, neck and elbow.").] Defendant may therefore produce evidence concerning these body parts. *See Couch v. Wal-Mart Stores, Inc*. 1999 WL 623454 (7th Cir. 1999) ("Evidence concerning prior similar injuries may be admissible for both substantive and impeachment purposes.").

The Court cannot find at this juncture that such evidence is inadmissible for any purpose or that it entails substantial risk of undue prejudice as a matter of law. The Court therefore **DENIES** this motion. [Dkt. 97.]

### 7. Motion in Limine Number 7

Plaintiff also asks the Court to bar any reference in Plaintiff's interrogatories to prior claims, injuries, and illnesses; prior incident reports; prior injury/illness/occupational/illness reports; and documentary evidence of prior claims, including payment records, medical files, and Plaintiff's work history files. [Dkt. 98 at 1.] He does so on the grounds that this evidence is not relevant, and to the extent that it is, it violates Rule 403.

Defendant asserts that Plaintiff's prior claims, incident reports, payment records, and work history files, which together reveal a long history of unsubstantiated injuries and absences from work, and are directly relevant to his motive and *modus operandi*. *See* Fed. Rule Evid. 404(b). Defendant further contends that Plaintiff's medical records are relevant to determining

7

the extent to which this accident caused a decrease in Plaintiff's earning capacity. The Court does not find that any prejudice that may result from the introduction of the evidence is unfair or outweighs the probative value. The Court thus **DENIES** Plaintiff's Motion in Limine Number 7. [Dkt. 98.]

### 8. Motion in Limine Number 8

Plaintiff raises a *Daubert* challenge to Defendant's liability expert, Mr. Roy Dean, and specifically his testimony regarding the lighting. *See Daubert v. Merrill Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 585-87 (1993); Fed. R. Evid. 702, 703; *see also* Fed. R. Civ. Pro. 26. Defendant correctly notes that this motion was untimely filed; however, given the rescheduled trial date, the Court assumes without deciding that allowing the motion to stand no longer risks prejudicing Defendant. The Court therefore takes this motion **UNDER ADVISEMENT** and further **ORDERS** Defendant to submit a substantive response to Plaintiff's *Daubert* challenge no later than **June 14, 2011.** [Dkt. 99.] Plaintiff's reply can be filed in accordance with the requirements of Local Rule 7.1.

### 9. Motion in Limine Number 9

The Court similarly takes Plaintiff's Motion in Limine Number 9 **UNDER ADVISEMENT**. [Dkt. 100.] Plaintiff asks the Court in this motion to bar testimony from Defendant's liability expert, Roy Dean, because Defendant failed to provide an updated Rule 26 disclosure in discovery. Having reviewed the reasons for the delay, the Court **ORDERS** Defendant to submit the requisite expert disclosure requirements, pursuant to Rule 26, by **June 14, 2011.**

### 10. Motion in Limine Number 10

Plaintiff asks the Court to bar witnesses not properly disclosed from testifying, and to exclude undisclosed opinion testimony. [Dkt. 101.] Specifically, Plaintiff argues that Defendant failed to properly disclose the substance about which witnesses Larry Newton, E.J. Miller, T.J. Eckles, Brett Workman, Dan Justus, Troy Donaldson, Scott Marshall, Tom Cooke, Tesjaswini Kumar, M.D., Charles R. French, M.D., Charles Nowacek, M.D., Frank Johnson, M.D., Scott Bodem, M.D., Eugene Epplin, M.D., R.E. Echeverria, M.D., J. Cavero, M.D., Petronia Kagen, M.D., R. Leach, M.D., and Irving Haber, M.D., will be testifying. [Dkt. 101 at 2.] As such, Plaintiff argues, Defendant should not be allowed to call these witnesses.

Defendant does not dispute that it may not elicit expert opinion testimony from anyone other than Dr. Levine. Except as provided below, and consistent with Rules 26 and 37, the Court **GRANTS** Plaintiff's motion regarding opinion testimony.

With respect to non-opinion testimony, however, Defendant argues that Larry Newton, E.J. Miller, T.J. Eckles, Brett Workman, Troy Donaldson, and Tom Cooke were properly disclosed under Rule 26(a)(1). [*See* dkt. 160; *see also* dkt. 101-3.]

The Court disagrees. Defendant failed to provide any indication as to the expected testimony of any of these witnesses as required by Rule 26. Noncompliance with Rule 26(a) generally precludes testimony of undisclosed witnessed, but the error may be excused if it is harmless. The Court's assessment of whether failure to disclose is harmless is based on "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or

willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

Here, Plaintiff does not point to any tangible harm arising from Defendant's failure to properly disclose. And although Defendant did not comply fully with Rule 26, it did list the name and address of all witnesses at issue. Mr. Miller, Mr. Eckles, Mr. Workman, Mr. Donaldson, and Mr. Cooke were also listed on Plaintiff's own initial disclosures—Defendant's disclosure defect would not prejudice or surprise Plaintiff with respect to these witnesses. [Dkt. 67-4.] With respect to Mr. Newton, Plaintiff had a long window during discovery within which to seek information about his testimony.[1] Because Plaintiff gives the Court no reason to believe he was harmed by Defendant's improper disclosure, and because Plaintiff seeks to offer its own witnesses not properly disclosed under Fed. Rule 26(a)(2)(B) or 26(a)(2)(c) as amended, the Court **DENIES** the motion as it pertains to fact witnesses.

Finally, Defendant concedes that it failed to list Vocational Rehabilitation Counselor Scott Marshall in its initial disclosures. [Dkt. 160 at 2-3.] Defendant has disclosed Mr. Marshall's report to Plaintiff and has offered to produce Mr. Marshall for deposition to rectify this error. [Dkt. 160 at 2.] Given the length of time before trial, the Court finds that the opportunity for Plaintiff to depose Mr. Marshall would render this error a harmless one. *See* Fed. Rule. Civ. Pro. 37(c)(1). The Court therefore **ORDERS** Defendants to produce Vocational Rehabilitation Counselor Scott Marshall for deposition, at Defendant's expense, **within 30 days** unless the parties agree otherwise. [*Id.*]

### 11. Motion in Limine Number 11

---

[1] According to the case management plan, non-expert liability discovery closed on September 17, 2010.

Plaintiff argues that the Court should bar Defendant from introducing Plaintiff's admissions of perjury, lying to his doctors, unrelated physical conditions and injuries during the cross-examination of Plaintiff's vocational expert, Mr. Cordray. Plaintiff contends this evidence lacks necessary foundation, and is irrelevant, inadmissible hearsay, character evidence, as well as unduly prejudicial. [Dkt. 102.] He further argues that Defendant should be barred from using the document entitled, "Indicators of Career-Ending Injuries" to impeach Mr. Cordray because it is irrelevant and unduly prejudicial.

The testimonial evidence at issue is directly relevant: It bears on Plaintiff's claim for future wage loss, on his motive to find alternative employment, on his motive to feign an injury, on his *modus operandi*, and on his credibility; it further bears on Mr. Cordray's credibility and the validity of his opinions. Statements made by Plaintiff to people other than Mr. Cordray may be admissible, not only to impeach Mr. Cordray regarding issues he raises in his report, but as substantive evidence as admissions made by a party opponent. Fed. Rule Evid. 801(d)(2). Plaintiff has not met his burden of showing that the "character" evidence in question would not be admissible under Rule 404(2). This does not alleviate Defendant's burden of proving the admissibility of any records he seeks to offer at trial.

The document at issue, which Mr. Cordray does not dispute having authored when retained on behalf of the railroad, is relevant to his bias and may be used to impeach accordingly.

Neither the expected testimony nor the document is violative of Rule 403 as a matter of law. Accordingly, the Court **DENIES** Plaintiff's Motion in Limine Number 11. [Dkt. 102.]

### 12. Motion in Limine Number 12

In this motion, Plaintiff asks the Court to exclude the September 14, 2001 "disability letter" to United Healthcare (wherein Dr. Burkle characterized Plaintiff as "permanently

11

disabled") and Dr. Burkle's testimony concerning the same on the grounds that they are irrelevant to the accident at issue, inadmissible evidence of collateral source benefits, and misleading to the jury.

As argued by Defendant, this letter is directly relevant to Dr. Burkle's credibility and to the nature of the relationship between the doctor and Plaintiff. If authenticated, it is admissible not only to impeach Dr. Burkle's expected testimony that Plaintiff's 2009 accident rendered him permanently disabled, but also as substantive evidence showing Plaintiff's motive to feign his alleged injury. *See* Fed. Rule Evid. 404(b), 406. As the Court explained above, evidence of collateral source benefits is inadmissible if it violates Rule 403; at this stage, the Court does not find either the letter or the testimony violates this rule. Plaintiff's Motion in Limine Number 12 is **DENIED**. [Dkt. 103.]

### 13. Motion in Limine Number 13

Plaintiff seeks to bar all testimony of his alleged narcotic abuse, doctor-seeking behavior, medical appointments for unrelated medical conditions, and references to other trips and falls during cross-examination of Dr. Burkle. [Dkt. 104.] He does so on the grounds that such evidence is irrelevant, character evidence, inadmissible hearsay, and prejudicial.

The nature of Defendant's line of defense renders Mr. Burkle's testimony concerning the topics above directly relevant—this evidence bears on his own credibility, on Plaintiff's credibility, motive, and alleged *modus operandi*, as well as on the nature of the relationship between Plaintiff and Dr. Burkle. Fed. R. Evid. 404(b). To the extent that the Defendant seeks to offer comments made to Dr. Burkle by Plaintiff in the course of seeking treatment, such comments are admissible. Fed. Rule Evid. 803(4), 801(d)(2). The Court cannot determine at this juncture that any evidence Plaintiff cites will be inadmissible under Rule 403, 404, or 802;

Defendant must nevertheless lay proper foundation for all evidence at trial. The Court therefore **DENIES** Plaintiff's Motion in Limine Number 13. [Dkt. 104.]

### 14. Motion in Limine Number 14

In this motion, Plaintiff seeks to bar all references to other medical conditions gleaned by Defendant during *ex parte* communication with Plaintiff's providers, including references to Plaintiff's left knee. [Dkt. 105 at 1.] He argues that such evidence is irrelevant, inadmissible hearsay, unduly prejudicial, and will lack proper foundation under any circumstance.

Given the nature of this claim and Defendant's theory of defense, however, all matters in the motion appear to be "causally and historically related to the condition put in issue and [to] have a direct medical relevance to the claim, counterclaim, or defense made." *Patton v. Novartis Consumer Health, Inc.*, 2005 WL 1799509 at *1, *5 (S.D. Ind. July 25, 2005). [Dkt. 105.] The Court cannot determine at this point that the records regarding Plaintiff's left knee will not fall within the purview of a hearsay exception, that it will be incapable of being authenticated, or that it will violate of Rule 403. The Court thus **DENIES** Plaintiff's motion. [Dkt. 105.]

### 15. Motion in Limine Number 15

Plaintiff asks that the Court bar the Novacare record produced by Dr. Burkle and questions concerning the same during Dr. Burkle's cross examination because it is irrelevant hearsay, not impeaching, and incapable of authentication. [Dkt. 106.]

The Court finds otherwise. These records, which were maintained by Dr. Burkle, are directly relevant to the prior medical conditions affecting Plaintiff's right knee—the primary body part at issue in this case. *Couch v. Wal-Mart Stores*, Inc. 1999 WL 623454 (7th Cir. 1999) ("Evidence concerning prior similar injuries may be admissible for both substantive and

impeachment purposes."). To the extent that the records implicate body parts other than those directly at issue, Plaintiff's unrelated physical conditions are relevant to his lost earning capacity.

Given that Dr. Burkle characterized Plaintiff as permanently disabled in 2001—while Plaintiff allegedly reported that he was mowing, camping, and working in his garden—after which it is undisputed that Plaintiff returned to work, the records may be used to impeach Dr. Burkle's credibility. In an evidentiary vacuum, the Court cannot find that the records are unduly prejudicial or incapable of authentication. Motion Number 15 is **DENIED**. [Dkt. 106.]

### 16. Motion in Limine Number 16

Plaintiff also asks the Court to bar summary exhibits of Michael Valentine's alleged prior injuries and illnesses and lost time from work due to those alleged illnesses and injuries. The exhibits, Plaintiff argues, will be irrelevant, offered without proper foundation, and unfairly prejudicial. But Plaintiff fails to identify the exhibits he is challenging. The Court cannot determine, based on this meager showing, that any exhibits are inadmissible. Nevertheless, this ruling does not relieve Defendant of the burden of laying the proper foundation for each exhibit at trial. The Court **DENIES** Plaintiff's Motion in Limine Number 16. [Dkt. 107.]

### B) Defendant's Motions in Limine

With respect to Defendant's Motion in Limine, [dkt. 118], the Court **GRANTS** Counts 1-3 and 6-8 without objection.[2]

---

[2] The Court notes that Plaintiff objects to Count 3, "as set forth to Exclude the Opinions and Report of Plaintiff's Economic Expert, Gregory Green, Ph.D." [Dkt. 150 at 3.] Plaintiff, however, simply asks the Court to bar "evidence or testimony concerning Plaintiff's future lost wages that does not deduct Tier I and Tier II Railroad Retirement taxes." [Dkt. 118 at 3; dkt 119 at 7.] To that extent, Plaintiff does not in fact object. [Dkt. 150 at 1-3.] Since the Court is only considering the extent to which Dr. Green's testimony accounts for Tier I and Tier II taxes, the Court disregards Plaintiff's objection.

In Count 4, Defendant seeks to exclude any evidence of subsequent remedial measures, including testimony that, since the accident, Defendant has poured additional ballast in the area of the accident and removed the wood at issue from the ground. [Dkt. 119 at 12.] Evidence of subsequent remedial measures may not be offered to show negligence. *See* Fed. R. Evid. 407. However, if Defendant raises the issue of the feasibility of taking the remedial or precautionary measures, Plaintiff may seek relief. The Court therefore **GRANTS** Count 4 of Defendant's Motion to the extent that it bars Plaintiff from offering this evidence to show negligence. [Dkt. 118.] Consistent with Rule 407, however, this ruling does not prevent Plaintiff from offering evidence of subsequent remedial measures for purposes other than proof of negligence, including impeachment, if appropriate.

Defendant also argues that Plaintiff should be barred from offering evidence that Defendant failed to conduct an adequate post-accident investigation because it is not relevant to the accident itself. [Dkt. 119 at 12-13.] If evidence of the post-accident investigation is admitted at trial, however, there is no reason to bar Plaintiff from challenging the weight the jury should afford its purported findings. The Court **DENIES** Count 5 of Defendant's Motion. [Dkt. 118.]

Finally, the Court **GRANTS** Defendant's Motion to Separate Witnesses without objection. [Dkt. 165.]

## Conclusion

In sum, the Court **DENIES** Plaintiff's Motion in Limine Number 1, [dkt. 92], 2, [dkt. 93], 4, [dkt. 95], 5, [dkt. 96], 6, [dkt. 97], 7, [dkt. 98], 11, [dkt. 102], 12, [dkt. 103], 13, [dkt. 104], 14, [dkt. 105], 15, [dkt. 106], and 16, [dkt. 107].

The Court further **GRANTS** Plaintiff's Motion in Limine Number 3. [Dkt. 94.] The Court also **GRANTS** Plaintiff's Motion in Limine Number 10 in part and **DENIES** it in part. [Dkt. 101.]

The Court takes Plaintiff's Motion in Limine Numbers 8, [dkt. 99], and 9, [dkt. 100], **UNDER ADVISEMENT** and further **ORDERS** Defendant to submit a substantive response to Plaintiff's *Daubert* challenge, as well as the requisite expert disclosure for Roy Dean, **by June 14, 2011**.

With respect to Defendant's Motion in Limine, [dkt. 118], the Court **GRANTS** Counts 1-3 and 6-8 without objection. The Court also **GRANTS** Count 4, and further **DENIES** Count 5.

Finally, the Court **GRANTS** Defendant's Motion to Separate Witnesses without objection. [Dkt. 165.] Counsel are ordered to notify their witnesses of the nature and effect of the separation order.

05/25/2011

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Craig Wynn Church
HOEY & FARINA
cchurch@hoeyfarina.com

John C. Duffey
STUART & BRANIGIN LLP
jcd@stuartlaw.com

James F. Olds
STUART & BRANIGIN LLP
jfo@stuartlaw.com

Sarah N. Snoeberger
STUART & BRANIGIN LLP
sns@stuartlaw.com